EUNICE KNUTSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF EUGENE H. KNUTSON, DECEASED, APPELLANT, v. HERMAN BROS., INC., ET AL., APPELLEES.

319 N.W.2d 723

Filed May 21, 1982. No. 43997.

Warren C. Schrempp and John J. Hanley, for appellant.

Nelson & Harding, Kermit A. Brashear II, and Pamela K. Black, for appellee Herman Bros.

Larry E. Welch of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee Swanson.

Heard before BOSLAUGH, MCCOWN, WHITE, and CAPORALE, JJ., and FINN, D.J.

MCCOWN, J.

This is an action for damages for personal injuries resulting from an automobile-truck collision. The plaintiff alleged that the negligence of both defendant Darrold E. Swanson and defendant Herman Bros., Inc., was the proximate cause of the accident and resulting injuries. The original plaintiff died of an unrelated heart attack and the action was revived in the name of his personal representative. At trial the District Court granted a motion for directed verdict in favor of the defendant Herman Bros., Inc., and the jury returned a verdict in favor of the defendant Swanson. The plaintiff has appealed.

The collision involved in this case was one of a series of collisions which occurred on Interstate 80 in Omaha, Nebraska, on January 2, 1974. The accident occurred at approximately 9 a.m. in the eastbound three lanes of Interstate 80 at a point near 68th Street. From several blocks west to the place of the accident the eastbound lanes are slightly downgrade. The surface of the highway was icy and extremely slick on the morning of the accident. The original plaintiff, Eugene Knutson, an over-the-road truckdriver, was driving his rig eastbound in the center lane of the three eastbound lanes of Interstate 80. A Herman Bros. truck had passed him shortly before and was ahead of Knutson in the center lane, and a brown car was between them. By deposition, Knutson's testimony was that his speed was 25 to 30 miles per hour, but he could not estimate the speed of the Herman Bros. truck. Knutson testified that he saw the Herman Bros. rig commence to fishtail. He concluded that the Herman Bros. truck was out of control and Knutson moved to the left lane and

was proceeding in that lane when he observed the Swanson car stalled and parked ahead of him. The evidence is in conflict as to whether the Swanson vehicle was off the traveled portion of the highway or was protruding from the median into the left lane. Knutson struck the Swanson vehicle and the vehicles came to rest in the median. The Herman Bros. truck jackknifed in the center lane and was struck from behind by the brown automobile.

Knutson received injuries to his face and left eye. He died in 1978 from a heart attack and this action was revived in the name of his personal representative. The case was tried in September 1980. The District Court sustained Herman Bros.' motion for a directed verdict at the conclusion of plaintiff's case. The jury returned a verdict for the defendant Swanson, and the plaintiff has appealed.

Plaintiff contends that Herman Bros. was not entitled to a directed verdict. The argument is plaintiff is entitled to have the benefit of all inferences that may be deduced from the evidence on a motion for directed verdict, and that the evidence of skidding or fishtailing is sufficient to go to the jury on the issue of Herman Bros.' negligence, and whether that negligence, if any, was a proximate cause of the accident and injuries.

The issue is whether the fishtailing and subsequent loss of control of the Herman Bros. truck are sufficient in themselves to support an inference that the driver of the Herman Bros. truck was negligent, and that such negligence was a proximate cause of the Knutson collision with Swanson. This court has recently held that the mere skidding of a motor vehicle without more does not prove negligence. In *Porter v. Black,* 205 Neb. 699, 289 N.W.2d 760 (1980), this court adopted that rule in a case in which the evidence established icy conditions, a skidding, and a subsequent loss of control where there was no evidence of excessive speed. This court stated: "A

jury could arrive at a conclusion of negligent loss of control only by engaging in conjecture. There must be evidence of some fact or circumstance from which an inference can be drawn that the skidding could have been prevented by the exercise of ordinary care." *Id.* at 707-08, 289 N.W.2d at 765.

In the case at bar there is no evidence of excessive speed. The evidence is undisputed that the road surface was icy and extremely slick. There is no evidence in the record that the Herman Bros. driver failed to maintain a proper lookout or was otherwise negligent, and there was no contact between the two trucks. The trial court was correct in sustaining the motion of Herman Bros., Inc., for a directed verdict.

Plaintiff also contends that the jury verdict in favor of defendant Swanson should be set aside because the court erred in admitting the remainder of a deposition of the defendant Swanson after the plaintiff had offered a portion of it as an admission against interest.

In the plaintiff's case in chief the plaintiff offered a portion of a deposition of the defendant Swanson in evidence as an admission against interest and was allowed to read that portion to the jury. Counsel for Swanson requested that the entire deposition be read and the trial court ruled that plaintiff's attorney could not be required to read the entire deposition if he did not wish to do so but that Swanson could thereafter offer the deposition. The deposition dealt with the circumstances under which the Swanson car came to be parked and the fact that no lights were left on.

At the beginning of defendant Swanson's case the entire deposition was offered and received. On rebuttal the plaintiff called Swanson and cross-examined him with respect to the deposition.

Plaintiff contends that there was no sufficient foundation to permit the testimony by deposition as required by Neb. Rev. Stat. § 25-1267.04(3) (Reissue

1979). That section provides that the deposition of any witness, whether or not a party, may be used by any party for any purpose if the witness is dead, out of the country, unable to attend or testify because of age, sickness, infirmity, or imprisonment, or if other showings of unavailability are made. Plaintiff contends that since Swanson was present in court none of the foundational requirements were met and the deposition could not be used on Swanson's behalf.

Section 25-1267.04(4) is dispositive of the issue. It provides: "(4) If only part of a deposition of a witness is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts relevant to the issues and not introduced." The plaintiff, having offered and introduced a part of the deposition, cannot complain when the adverse party introduces the remainder of the deposition on the same subject.

In the case at bar the jury returned its verdict in favor of the defendant Swanson and there was competent evidence to support that verdict. The verdict of the jury will not be disturbed unless it is clearly wrong.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.